UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>V.<br><br>**OSAYANDE JOHNSON** | Criminal No. 2:21-cr-00707-WJM<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is defendant Osayande Johnson's ("Defendant") motion to modify the conditions of his pretrial release (the "Motion"). ECF No. 42. For the reasons set forth below, Defendant's Motion is **DENIED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On September 9, 2019, Defendant was charged in a criminal complaint with knowingly and intentionally conspiring and agreeing with others to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(a), in violation of 21 U.S.C. § 846 arising out of a traffic stop during which law enforcement recovered a substance that field-tested positive for cocaine from a cooler in a vehicle that Defendant was driving.[1] Compl., ECF No. 1. On September 10, 2021, a grand jury returned a two-count indictment charging Defendant with: (1) knowingly and intentionally conspiring and agreeing with others to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846; and (2) knowingly and intentionally possessing with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Indictment, ECF No. 35.

During his initial appearance before Judge Falk on September 9, 2019, Defendant was remanded on consent pending approval of a bail package. Order of Detention, ECF No. 5. On September 23, 2019, Judge Clark held a bail review hearing at which he approved a bail package to which Defendant, Pretrial Services, and the Government had all consented. The approved bail package provided for Defendant's release on a $100,000 unsecured bond along with home detention and electronic monitoring. Order Setting Conditions of Release, ECF No. 8. On July 16, 2020, Judge Clark entered an order, again with the consent of Defendant, Pretrial Services, and the Government, modifying the conditions of Defendant's pretrial release. Specifically, in light of Defendant's additional childcare responsibilities due to the COVID-19 pandemic, Defendant was removed from

---

[1] The Government states that subsequent testing of the substance recovered from Defendant's vehicle revealed it to be heroin rather than cocaine.

home detention and was instead kept on electronic monitoring with a curfew. July 16, 2020 Consent Order, ECF No. 22.

Defendant, who is in California, has since sought several temporary modifications of the conditions of his pretrial release, including in order to attend his children's sporting events as well as to travel to New Jersey, New York, and Connecticut for the primary purpose of meeting with counsel. The Court, with consent from Pretrial Services and the Government, has approved and ordered such modifications.

On December 16, 2021, Defendant filed the instant Motion seeking to further modify the conditions of his pretrial release by releasing him from electronic monitoring. Unlike Defendant's previous requests, the Government opposes Defendant's motion.

## II. LEGAL STANDARD

Pursuant to the Bail Reform Act, 18 U.S.C. §§ 3141 *et seq.*, the Court "may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). Notwithstanding the Court's general statutory authority to amend the conditions of a criminal defendant's pretrial release, the Bail Reform Act further provides that the Court may only reopen a detention or bail hearing at any time before trial if the Court "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Courts in this District have construed this latter provision strictly and have found that the broad authority to amend conditions of pretrial release provided in Section 3142(c)(3) must be read in conjunction with the more circumscribed authority to reopen bail hearings on the basis of new information set forth in Section 3142(f). *United States v. Merola*, Crim. No. 08-327 (SRC) (MAS), 2008 WL 4449624, at *2 (D.N.J. Sept. 30, 2008). Thus, a party may move to modify the conditions of bail or detention if circumstances have sufficiently changed so as to warrant such modification. *See United States v. Day*, Crim. No. 2:17cr00031 (MCA) (SCM), 2017 WL 5457983, at *6 (D.N.J. Nov. 13, 2017).

## III. DISCUSSION

In support of his application, Defendant states that his 27-month record of compliance with the conditions of his release demonstrate that electronic monitoring is no longer necessary to assure his appearance in court or that he will not pose a danger to the community. Defendant also argues that he will be traveling extensively in the coming months with his daughter on college visits and requests to travel would unnecessarily burden both the Court in having to order a series of temporary modifications to his release conditions and Pretrial Services, which would need to uninstall and reinstall Defendant's electronic monitoring for each planned trip. Both the Government and Defendant represent that Pretrial Services in California, which has been supervising Defendant, support Defendant's request to be removed from electronic monitoring. Nonetheless, the Government opposes Defendant's Motion, arguing that Defendant has failed to

2

demonstrate (1) that electronic monitoring is no longer necessary to assure his appearance in court and that he is no longer a threat to the community; and (2) that there are any "changed circumstances" within the meaning of the Bail Reform Act such that the Court may reopen Defendant's bail hearing and amend the conditions of his pretrial release. The Court agrees with the Government.

Defendant has failed to provide evidence of changed circumstances that warrant modification of the conditions of his release. First, Defendant's record of compliance with such conditions does not warrant modification thereof. Defendant's compliance could, in theory, mean either of two things: (1) as Defendant claims, that he is trustworthy and intends to appear in court as necessary such that the current conditions of his release are unnecessary; or (2) as the Government points out, that the conditions of Defendant's release are simply working as intended. That Defendant chooses to believe the former is nothing more than the sort of self-evaluation of one's own character that courts have rejected as a basis for modifying the conditions of pretrial release. *See, e.g.*, *United States v. Caldwell*, Crim. Action No. 21-181 (CKK), 2022 WL 168343, at *6 (D.D.C. Jan. 19. 2022) ("New and material information . . . consists of something other than a defendant's own evaluation of his character or the strength of the case against him; instead, it must consist of truly changed circumstances, something unexpected, or a significant event." (quotations omitted)); *United States v. Esposito*, 354 F. Supp. 3d 354, 360-61 (S.D.N.Y. 2019) (same); *United States v. Quinones*, No. 13 CR 83S, 2016 WL 1694998, at *1 (W.D.N.Y. Apr. 28, 2016) (same). Defendant has not cited, nor has the Court found, any authority for the proposition that mere compliance with current or past conditions of pretrial release constitute the necessary changed circumstances to warrant bail modification. Indeed, at least one court has recently explicitly rejected it. *See Esposito*, 354 F. Supp. 3d at 361 (finding that defendant's "record of compliance with the conditions of his pretrial release [did] not constitute new information" and thus did not warrant reconsideration of such conditions).[2]

Nor does Defendant's plans to attend college visits with his daughter constitute a changed or unforeseen circumstance sufficient to warrant modification of the conditions of Defendant's release. While admirable, there is nothing in the record that would suggest this is new or surprising information that was entirely unavailable or unpredictable at the time of Defendant's initial bail hearing. Even if it were new information or a changed circumstance, Defendant does not establish that this information "has a material bearing

---

[2] Defendant also points out that the conditions of his release have been temporarily modified several times without incident, including periods where he was permitted to travel across the country without electronic monitoring. There is a difference, however, between temporary modifications covering a span of a few days for a set and specifically approved itinerary with the Government's consent, and a broader release from all electronic monitoring going forward over the Government's objection. While Defendant's behavior during the period of these temporary modifications may tend to support his claim that electronic monitoring is unnecessary, his good behavior and compliance is expected and still does not constitute the sort of changed circumstances needed to justify a more permanent modification of the conditions of his pretrial release.

on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f); *see also United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020) ("[P]reviously unavailable information has *no* material bearing on the factors that must be considered to establish the propriety of pretrial detention *unless* that new information casts different light on any of those factors." (emphasis in original)).

The Court understands that a more permanent modification to remove electronic monitoring may be the most efficient path forward, both for the Court and for Pretrial Services. But efficiency alone does not satisfy the requirements of the Bail Reform Act. As they have in the past, the Court is confident that the parties will work in good faith to address future requests for modifications to the conditions of Defendant's pretrial release as needed.

### IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion is **DENIED**. An appropriate order follows.

                                        */s/ William J. Martini*
                                        **WILLIAM J. MARTINI, U.S.D.J.**

Date: **February 8, 2022**